[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On November 25, 1998, defendant-appellant Kelvin Young pleaded guilty to two counts of corruption of a minor, a fourth-degree felony under R.C. 2907.04. On December 17, 1998, Young was sentenced to a six-month prison term on each count, with the terms to run consecutively. Young timely appeals the sentence imposed by the trial court, stating in his sole assignment of error that the trial court erred in sentencing him to two consecutive six-month prison terms. We agree in part with Young's arguments.
In determining whether a prison term is an appropriate sentence for a fourth-degree felony, the trial court shall consider the following: (1) whether one of the enumerated factors set forth in R.C. 2929.13(B)(1)(a) through (h) applies; (2) whether, upon consideration of the seriousness and recidivism factors in R.C. 2929.12, a prison term is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11; and (3) whether the offender is not amenable to available community-control sanctions.[1] If, after considering all that is required by law, the court finds that one of the R.C.2929.13(B)(1) factors applies, that a prison term is consistent with R.C. 2929.11, and that the offender is not amenable to community control, it shall impose a prison term.[2] However, if the court determines that the imposition of a community-control sanction would be consistent with the objectives of felony sentencing, the court must impose a community-control sanction upon the offender.[3]
Here the trial court made the requisite findings to sentence Young to a minimum sentence of six months for each of the two counts. Specifically, the court stated that this case involved a sex offense, thus implicitly finding that R.C. 2929.13(B)(1)(f) applied; the felony sentencing findings in the record reflect that the court considered the purposes of sentencing in accordance with R.C. 2929.11 and that it considered the seriousness and recidivism factors listed in R.C. 2929.12; and the trial court considered and implicitly rejected community control by imposing a prison sentence. Pursuant to State v. McNeel and R.C. 2953.08(A)(2), where the trial court specifically finds that one of the factors in R.C. 2929.13(B)(a) through (h) is applicable and the sentence is not contrary to law, the appellant is not entitled to appeal and we are not permitted to review the prison term imposed by the trial court.[4] Accordingly, we hold that Young may not appeal, nor may we review, the six-month prison term imposed on each count.
However, because Young is arguing that the imposition of consecutive sentences is contrary to law, he has the right to appeal the consecutive nature of the terms under R.C.2953.08(4).[5] To impose consecutive sentences, the trial court must make specific findings under R.C. 2929.14(E)(4). R.C.2929.14(E)(4) states that the trial court may require an offender to serve consecutive prison sentences if it finds (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that any one of following applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
While a trial court is not required to recite talismanic language from the statute, the imposition of consecutive sentences must be supported by findings that refer to the statutory sentencing factors.[6] Thus, the record must contain some indication that the court considered the statutory factors before it imposed consecutive sentences.
Nothing in the record reflects findings that could have arguably been made in support of the order for consecutive sentences. Moreover, the record lacks any evidence tending to establish that the imposition of consecutive sentences is appropriate here. Young had no prior criminal record, he was not under post-release control or a sanction imposed under Chapter 2929, and the offenses were not so demonstrably great or unusual that a single prison term was inadequate. R.C. 2953.08(G)(1)(a) allows this court to increase, reduce, or otherwise modify a sentence where we clearly and convincing find that the record does not support the sentence. Based on our review of the record, we clearly and convincingly find that the record does not support the imposition of consecutive prison terms, and therefore we sustain the assignment of error as it relates to the consecutive terms and modify the sentence so that the terms are served concurrently.
Therefore, the judgment is affirmed as modified.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
To the Clerk:
Enter upon the Journal of the Court on August 25, 1999 per order of the Court _______________________________. Presiding Judge
[1] R.C. 2929.13(B).
[2] R.C. 2929.13(B)(2)(a).
[3] R.C. 2929.13(B)(2)(b).
[4] See State v. McNeel (May 22, 1998), Hamilton App. No. C-960980, unreported.
[5] See State v. Stone (Feb. 26, 1999), Hamilton App. No. C-980382, unreported (where appellant claims that the trial court, when imposing consecutive sentences, did not comply with Ohio's sentencing guidelines, an appeal as a matter of right concerning whether the sentence is contrary to law is permitted).
[6] See State v. Mirmohamed (Dec. 3, 1998), Franklin App. No. 97APA11-1492, unreported (trial courts need not recite "talismanic words" when imposing criminal sentences).